IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-754-F

| | | |
|---|---|---|
| MARY ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GOLDSBORO WAYNE | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's letter dated September 30, 2014, and filed with the court on October 2, 2014 [DE-28], and Defendant's motion for extension of time to complete discovery [DE-30]. The court held a telephonic hearing and status conference with the *pro se* Plaintiff and Defendant's counsel on November 25, 2014, to further develop the record. Issues raised in the parties' filings and addressed at the hearing include outstanding discovery and scheduling issues, specifically (1) Plaintiff's discovery requests to Defendant for certain emails, videos, and updated address information for potential witnesses disclosed by Defendant pursuant to Rule 26(a)(1); and (2) Defendant's discovery requests to Plaintiff for medical bills, tax returns from 2011 to present, and information regarding employment sought and income earned since 2011; and (3) the scheduling of Plaintiff's deposition and the extension of the discovery and motions deadlines and the setting of a new trial date.

At the hearing Defendant's counsel indicated that all available emails responsive to Plaintiff's request had been produced; the requested videos were no longer in existence because they had been taped over and an affidavit so explaining was provided to Plaintiff; and the requested

updated address information for potential witnesses would be promptly provided to Plaintiff. Plaintiff indicated that she no longer had access to some documents Defendant requested due to her storage unit being sold, but that her disability attorney would provide copies of certain medical bills to Defendant's counsel and Plaintiff would provide records showing her unemployment payments (her only income since 2011). Plaintiff also indicated she would request a transcript of her tax returns from 2011 to present from the IRS. Plaintiff and Defendant's counsel agreed that Plaintiff would be available for deposition on December 8 and 15 at 10:00 a.m., in the event the deposition could not be completed in one day due to Plaintiff's health issues. Plaintiff agreed to produce the remaining documents no later then December 5, with the possible exception of the documents requested from the IRS, which Defendant's counsel indicated could take six to ten weeks to receive.

Accordingly, Plaintiff's motion for relief is ALLOWED IN PART AND DENIED IN PART in conformity with the above described agreement of the parties with respect to concluding discovery, Defendant's motion to extend the discovery deadline is ALLOWED, and the Scheduling Order is amended as follows:

(1) Defendant shall provide Plaintiff with updated address information for potential witnesses disclosed pursuant to Rule 26(a)(1) by the close of business today, **November 25, 2014**;

(2) Plaintiff shall provide the remaining responsive documents to Defendant's discovery requests by no later than **December 5, 2014**. Plaintiff shall promptly request the tax return information from the IRS and in the event it is not received prior to December 5, Plaintiff shall provide a copy to Defendant's counsel within 24 hours of receipt of the information from the IRS;

(3) Plaintiff shall be available to appear in person for deposition on **December 8 and 15, 2014 at 10:00 a.m.**, pursuant to proper notice issued by Defendant;

(4) All discovery must be completed no later than **December 19, 2014**;

(5) Any potentially dispositive motions must be filed no later than **January 20, 2015**; and

(6)  The trial of this matter is continued to Senior Judge Fox's **April 27, 2015** term of court in Wilmington, North Carolina.

SO ORDERED, the 25 day of November 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge